UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DORRIS WILLIAM MERRIWEATHER,

  Plaintiff,

v.                                                             CAUSE NO. 3:22-CV-95-DRL-MGG

DON PARKS *et al.*,

  Defendants.

OPINION AND ORDER

Dorris William Merriweather, a prisoner without a lawyer, filed a complaint. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Merriweather alleges that Don Parks is in charge of finances at Indiana State Prison. On July 21, 2021, Mr. Parks, with the permission of Warden Ron Neal, allegedly closed the Islamic community's account and spent the money from that account on a purchase. Religious Director David Liebel was allegedly Mr. Parks' accomplice. Chaplin Ann received notice from David Liebel that the funds would be spent, but she did not

notify any member of the Islamic community until after the fund had been "highjacked." ECF 2 at 2. It is unclear what the funds were used to purchase.

Mr. Merriweather cannot represent the interests of the prison's Islamic community or any other inmate. "A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted). Though Mr. Merriweather may represent himself, he can only proceed if he has standing.

> Our cases have established that the 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element."

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quotation marks, citations and ellipsis omitted). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 339 (quotation marks and citations omitted). "[T]he plaintiff *himself* must have *personally* suffered an actual injury or an imminent threat of injury." *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1064 (7th Cir. 2020).

Here, the funds at issue did not belong to Mr. Merriweather; they belonged to the Islamic community at the prison. It does not appear that Mr. Merriweather has a legally

protected interest in the funds. Nor does it appear that he has personally suffered an actual injury because the funds of the Islamic community were spent on an unidentified purchase.

Because Mr. Merriweather has not pleaded facts that demonstrate he has standing, his complaint does not state a claim. In the interests of justice, Mr. Merriweather may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Dorris William Merriweather until **June 17, 2022**, to file an amended complaint; and

(2) CAUTIONS Dorris William Merriweather if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

May 16, 2022                                         *s/ Damon R. Leichty*
                                                               Judge, United States District Court